DREW, Justice.
The County Judge of Dade County, following extended hearings before him in which more than 700 pages of testimony were taken and many exhibits introduced, entered an order admitting to probate the last will and testament of Marie Astor Baldridge dated November 19, 1951, and denying admission to probate of a former will of the decedent dated May 5, 1950. This order, inter alia, found:
“That the Decedent, Marie Astor Baldridge, on the 19th day of November 1951 was of sound mind and disposing memory, as required by the laws of the State of Florida in such cases made and provided, and of testamentary capacity, with knowledge of the full extent of her estate, the disposition of the same that she desired to make, and the natural objects of her bounty.
“The Court further finds that on said date the said Marie Astor Baldridge executed the Last Will and Testament dated November 19, 1951, as her own free act and disposing deed, without fraud, coercion or undue influence.
“The Cou'rt further finds that by the execution and publication of the Last Will and Testament of the 19th of November 1951 the Testatrix, Marie Astor Baldridge, did revoke the Last Will *659 and Testament by her executed on the 5th day of May 1950 * * * ”
An appeal was taken to the Circuit Court of Dade County from the foregoing' order. Following the entry of an opinion affirming the County Judge’s order and finding “that there is substantial competent evidence [in the record] to support the findings of the Probate Judge and that he did not misapprehend the legal effect of the evidence as a whole,” the Circuit Court granted a rehearing and on reconsideration reversed that portion of the County Judge’s order finding that the will of the deceased was “her own free act and disposing deed, without fraud, coercion or undue influence,” insofar as the appellants Mertens, Wickman, Gray and Karas were concerned.' As to these four beneficiaries he held the will of November 19, 1951 invalid, but, pursuant to Section 731.08, Florida Statutes, 1951, F.S. Á,, the remaining portion of the said will was declared valid. In this latter opinion and judgment of the Circuit Judge, from which this appeal is prosecuted, the able Circuit Judge, among other things, said:
“This Court has carefully considered the testimony and proofs and finds that the Probate Court did not misapprehend the legal effect of the entire evidence on the question of mental incapacity of the testatrix, but for reasons hereinafter given does find to the contrary on the question of undue influence.”
He continues with an exhaustive review of the evidence taken before the County Judge and his deductions therefrom and sets forth what he considers to be the applicable law. He then concludes as follows :
“It is considered that the Probate Court, in holding that the burden did not pass to the proponents or in holding that the burden was met, misapprehended the legal effect of the evidence as a whole as it applied to Dorothy Mertens, Mrs. Irving Karas, Lina Gray and Dr. William Wickman and the bequests to each of them.
“The Court is now called upon to consider whether the legacies in the will not procured by undue influence should be held valid. There is no showing of the opportunity to exert undue influence or the exercise thereof by three legatees not mentioned in the will of May 5, 1950, who benefited from the last will, being Danny Ximanies who received a bequest of $500, Mrs. Donnie Colby who received a bequest of a diamond bracelet and Marie B. Gramlich who received a bequest of $1,000.
“There is no applicable decision of the Supreme Court of Florida but under the statute, it would appear that the will, excepting for the legacies to Dorothy Mertens, Mrs. Irving Karas, Lina Gray and Dr. William Wickman, should be held valid. It is therefore
“Ordered, Adjudged and Decreed that the Order of the Probate Court dated the 16th day of July, 1952, be reversed and proceedings be had in that Court not inconsistent herewith.” (Emphasis supplied.)
We find nothing in the record to indicate that the County Judge held that the burden did not pass to the proponents, unless such could be inferred from the order of the County Judge admitting the will of November 19, 1951, to probate. Even if it could be argued that such was the case, we think the burden was carried by the proponents and that the evidence in the record amply supports the conclusions reached by the County Judge.
No useful purpose would be served by a detailed review of the evidence which was taken before the County Judge and the exhibits which he had before him. The trial was conducted by able attorneys and when the evidence was concluded no stone remained unturned. The County Judge, the trier of the facts under the law, had the witnesses before him; he had the opportunity of observing them on the stand, of noting the inflections of their voices, of seeing their facial expressions, and of *660 perceiving their promptness or hesitancy in their answers to questions, their sincerity or lack of sincerity, and untold other matters which cannot be included in a record in an appellate court. Every judge knows that these intangible and sometimes elusive factors are as essential to the determination of truth as the spoken word. All of these factors are fed into thé trained mind of a trial judge and his conclusions are the essence thereof. Appellate courts simply don’t have the same material to deal with in respect to evidence as does the trial court and that is the reason that this Court has said on innumerable occasions that neither we nor other appellate courts have the right to interfere with the findings of- fact of the trial court unless there is an absence of substantial competent evidence to support such findings or the trial court misapprehends the legal effect of such evidence as a whole. In the recent case of In re Kiggins’ Estate, Fla., 1953, 67 So.2d 915, 917, a case strikingly similar to this one, we said
* * * it is the clear duty of the appellate courts to give effect to the findings made by the trier of facts if there is ‘substantial competent evidence’ upon which his findings rest and if he did not .misinterpret- the legal effect thereof. In re Eberhardt’s Estate, Fla., 1952, 60 So.2d 271, and the cases therein cited. * •. * * ”
For the reasons pointed out in this opinion the judgment, appealed from is hereby reversed with directions to enter a judgment affirming the order of the County Judge admitting, the will of November 19, 1951, to probate. That part of the order appealed from finding that the testatrix had testamentary capacity is affirmed.
•Affirmed in part and reversed' in part.
THOMAS, SEBRING and MATHEWS, JJ, concur.
ROBERTS, C. J., and BARNS, J., dissent.
TERRELL, J., not participating.